**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FRANKIE WINTERHALTER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2538-SLP** |
| | ) | |
| **KELLI DAVIS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Frankie Winterhalter, an Oklahoma state prisoner appearing pro se,[1] brings this action under 28 U.S.C. § 2241 seeking habeas corpus relief from his state court convictions and sentences. *See* Doc. 1.[2] Chief United States District Judge Scott L. Palk has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Having reviewed the petition, the undersigned recommends the Court dismiss the petition.

---

[1] The Court construes a pro se litigant's pleadings liberally but will not act as his advocate or create arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. Background and Petitioner's claims.

In 2011, Petitioner was convicted of one count of felony use of a motor vehicle to discharge a firearm and one count of burglary in the second degree in the District Court of Payne County, Oklahoma.[3] *State of Oklahoma v. Winterhalter*, Case No. CF-2010-400, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=payne&number=CF-2010-400&cmid=218488. The state court sentenced Petitioner to 40 years' imprisonment on the first count and ten years' imprisonment on the second count, to be served concurrently. *Id.* Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed. *Id.* Petitioner sought postconviction relief in state court, which was denied. *Id.* Petitioner appealed, but the OCCA dismissed his postconviction appeal as untimely. *Winterhalter v. State of Oklahoma*, No. PC-2015-39, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2015-39&cmid=115957.

Six years later, Petitioner filed a second application for postconviction relief on the ground that "the State of Oklahoma is without jurisdiction to

---

[3] The Court takes judicial notice of Petitioner's state court criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

prosecute any offense involving an Indian when that offense occurs in Indian Count[ry].” *Winterhalter*, Case No. CF-2010-400 (Application for Postconviction Relief filed Mar. 1, 2021). Petitioner’s application was denied. The state court found that “the crime did not occur within the bounds of the Cherokee Nation, and thereby does not raise subject matter jurisdiction[.]” *Id.* (Order dated May 21, 2021). Petitioner appealed the order to the OCCA, which affirmed, finding that the Supreme Court’s opinion in *McGirt v. Oklahoma*, 591 U.S. 894 (2020), “is not retroactive and does not void final state convictions” and thus did not apply to Petitioner’s conviction. *Winterhalter*, Case No. CF-2010-400 (Mandate filed Dec. 2, 2021). Petitioner filed a third application for postconviction relief on the same grounds, which the state district court denied; the OCCA affirmed that order. *Id.* (Order filed Apr. 12, 2024). Petitioner’s fourth application for postconviction relief was likewise denied and the OCCA affirmed the denial. *Id.* (Order filed Sept. 21, 2026).

Petitioner first sought habeas relief in this Court in 2013. *Winterhalter v. Arbaugh*, Case No. CIV-13-1167-F, Doc. 1 (W.D. Okla. Oct. 21, 2013). His petition was denied. *See id.* Doc. 41; *Winterhalter v. Arbaugh*, 2017 WL 2371233 (W.D. Okla. May 31, 2017). Petitioner filed a second habeas petition in 2021. *Winterhalter v. Nunn*, Case No. CIV-21-1193-F, Doc. 1 (W.D. Okla. Dec. 22, 2021). This petition was dismissed as untimely. See *id.* Doc. 13; *Winterhalter v. Nunn*, 2022 WL 710202 (W.D. Okla. Mar. 9, 2022). Petitioner

sought to appeal the dismissal, but the Tenth Circuit denied a certificate of appealability and dismissed the appeal. *Winterhalter v. Nunn*, No. 22-6054, 2022 WL 3440243 (10th Cir. Aug. 17, 2022).

Petitioner presents four grounds for relief: (1) violations of the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments; (2) deprivation of due process in violation of the Fifth Amendment "[a]s the State of Okla. has no corrective process for an Indian Country Crime"; (3) denial of the right to qualified counsel; and (4) violation of the Treaty of 1866 between the United States and the Cherokee Nation, as "[t]he State of Okla. does 'NOT' have Jurisdiction to arrest or prosecute any Indian in Indian Country." Doc. 1, at 6-8.

## II. Screening.

This Court must review a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts[4]; *see also Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (holding a federal court possesses "the discretion

---

[4] The Court may apply the Rules Governing § 2254 Cases to habeas petitions arising under § 2241. *See* Rule 1(b); *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) ("The District Court . . . acted within its discretion by applying the Section 2254 Rules to this § 2241 petition.")).

either to dismiss the 28 U.S.C. § 2241 petition if it appear[s] that the petitioner was not entitled to relief or to order the respondent to file a response"). Likewise, courts are obligated to examine their jurisdiction sua sponte and dismiss any action where subject-matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006); *see also Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006).

## III. Petitioner may not challenge the fact of his convictions and sentences through a § 2241 petition.

A § 2241 petition is "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Petitions under § 2241 are used to attack the execution of a sentence in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (internal citations omitted).

Petitioner alleges no facts challenging the execution of his sentence. Rather, he challenges the validity of his underlying 2011 Payne County conviction. *See* Doc. 1, at 1-3, 6-8 (challenging his "unlawful confinement" and Oklahoma's jurisdiction over Petitioner). Petitioner's "claim that the state court lacked jurisdiction over him is an attack on his conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). Therefore, a

petition under § 2254 is "the proper avenue" for such an attack. *Id.* The Tenth Circuit previously denied a certificate of appealability and dismissed Petitioner's appeal from the dismissal of his § 2254 application as untimely. *Winterhalter*, 2022 WL 3440243, at *2.

While the Court can recharacterize a § 2241 habeas petition as one brought under § 2254 if certain procedures are followed, *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005), the undersigned does not recommend doing so. The Court would lack jurisdiction to hear any such claim. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization."). Recharacterization would not permit the Court to reach the merits because the resulting § 2254 petition would be second or successive, and Petitioner has not obtained authorization from the Tenth Circuit to file it. "The more appropriate course of action is to dismiss the § 2241 petition . . . because it seeks relief unavailable under § 2241." *See also Serrano v. Pettigrew*, No. CIV-21-0651-F, 2021 WL 4785506, at *1 (W.D. Okla. Oct. 13, 2021) (declining to adopt recommendation to recharacterize a petition as one brought under § 2254).

## IV. Recommendation and notice of right to object.

The undersigned recommends the Court dismiss Petitioner's habeas corpus petition without prejudice for lack of jurisdiction.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court **on or before December 15, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 24th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE